Michael Machat, Esq.
MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Suite 400
Beverly Hills, California 90210
Telephone: (310) 860-1833
Telefax: (310) 860-1837
Email: Michael@machatlaw.com

Attorneys for Plaintiff
PETER BECKETT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BECKETT | CASE NO. |
| Plaintiff, | **COMPLAINT FOR** |
| vs. | **TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; and** |
| KEITH URBAN, GUITAR MONKEY ENTERTAINMENT INC., and HSN, INC., | **DILUTION** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

For his Complaint, Plaintiff PETER BECKETT hereby alleges and asserts as follows:

### I.     JURISDICTION AND VENUE

1.     Plaintiff brings this action for injunctive relief and damages arising out of the unauthorized, unfair, and deceptive competitive practices of Defendants, and

each of them, in connection with the commercial use and exploitation of trademarks in violation of the Lanham Act.

2.    This action arises under the Trademark Laws of the United States, including particularly, Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125. Jurisdiction is conferred on this Court by 15 U.S.C. Section 1121(a), by 28 U.S.C. Section 1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. Sections 1051, *et seq.*, and by principles of pendent jurisdiction. Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and (c) as Defendants transact business in Los Angeles County, California, and a substantial part of the events or omissions giving rise to the claim occurred within this District.

## II.    THE PARTIES

3.    Plaintiff PETER BECKETT resides in Los Angeles County, California.

4.    Defendant HSN, Inc., ("Home Shopping Network") is upon information and belief a Delaware Corporation doing business throughout the United Stated, including the county of Los Angeles.

5.    Defendant Guitar Monkey Entertainment, Inc. ("Guitar Monkey") is, upon information and belief, a Tennessee Corporation that operates throughout the United States, including throughout Los Angeles County, California.

6.    Defendant Keith Urban is a singer songwriter guitarist entrepreneur and music competition judge. Upon information and belief, defendant Keith Urban is the principal owner of defendant Guitar Monkey and the prime mover responsible for the torts described herein. Upon information and belief, defendant Keith Urban regularly travels to Los Angeles County for business.

7.    Plaintiff is informed and believes and thereon alleges that each of the named Defendants in this case were the agents, servants, employees and/or

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Suite 400
Beverly Hills, California 90210
Telephone: (310) 860-1833

attorneys of their co-Defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, employees and/or attorneys, and with the permission and consent of their co-Defendants, and are therefore jointly and severally liable.

### III.   FACTS GIVING RISE TO THIS ACTION

8.   Plaintiff Peter Beckett is a rock singer songwriter guitarist and has recorded popular hits and performed those popular hits as PLAYER.  Peter Beckett's band PLAYER is most well known for the song, "Baby Come Back" written by Peter Beckett and JC Crowley in 1977.  By 1978 "Baby Come Back" became an international hit, reaching number one in the Billboard Charts for three weeks in January 1978.  The song catapulted PLAYER to worldwide fame, and Peter Beckett went on performing as PLAYER throughout the world playing in large music venues headlining and co-headlining with major bands such as Heart and Eric Clapton.  Peter Beckett's PLAYER went on to have other hits besides "Baby Come Back", and the songs recorded and performed by Peter Beckett's PLAYER continue to be played to this day, appearing in commercials, on television shows and movies, and are played frequently on radio stations.  As a result the name PLAYER has become well known throughout the world as a Rock Band.

9.   In April of 2014, Peter Beckett filed a trademark application for PLAYER in international classes 009 and 041 for audio and video recordings featuring music and artistic performances by a rock band, and Entertainment services in the nature of live audio performances by a rock band, respectively.

10.   On November 18, 2014, the United States Patent & Trademark Office granted Peter Beckett trademark registration number 4640664 for his mark PLAYER.

11. Defendant Keith Urban is a singer songwriter guitarist famous for songs such as "Stupid Boy", "But for the Grace of God", "Once in a Lifetime", and "Sweet Thing." Defendant Keith Urban is also a Judge on American Idol.

12. Approximately one month after Peter Beckett filed his trademark application for his world famous mark PLAYER, in May of 2014, defendant Guitar Monkey filed three trademark applications for KEITH URBAN PLAYER in international classes 009, 015 and 041 for prerecorded electronic music featuring instructions on playing guitars, for acoustic and electric guitars and for Entertainment services in the nature of television programing whereby viewers are informed of various goods that can be purchased by the viewer, respectively.

13. Upon information and belief defendant Guitar Monkey filed for the aforementioned trademark registrations upon the instructions and behest of defendants Keith Urban and Home Shopping Network shortly after the airing of an episode of NBC's daytime soap "General Hospital" in which Peter Beckett's PLAYER was written into the script as a central element and in which Peter Beckett's PLAYER performed the PLAYER song "Baby Come Back."

14. Upon information and belief, one of the defendants, on behalf of all the defendants, purchased a web address of: PlayerbyKeithUrban.com on or about April 18, 2014.

15. The website PlayerbyKeithUrban.com is an ecommerce store that sells a guitar line of products including a guitar learning kit that touts its ability to teach consumers how to play 30 songs in as little as 30 days. The website prominently features images of defendant Keith Urban playing a guitar and promoting his guitar line of products. The website also prominently brands the kit as PLAYER and/or PLAYER BY KEITH URBAN.

16. The website PlayerbyKeithUrban.com appears to be controlled by defendant Home Shopping Network. The copyright notice on the footer of the website says copyright 2015 HSN, Inc.

17. In December of 2014, defendant Home Shopping Network began selling and advertising the infringing PLAYER BY KEITH URBAN on television and possibly elsewhere.

18. Upon information and belief, defendants have sold more than One Million Dollars worth of the infringing PLAYER BY KEITH URBAN product via advertisements using Plaintiff Peter Beckett's mark PLAYER.

19. Upon information and belief, Plaintiff alleges that originally when defendants began selling their guitar line of products, the original name for it was simply URBAN and/or LIGHT THE FUSE and/or PHOENIX or some combination of these names. Upon information and belief, defendants sold approximately 40,000 units of these systems under these alternative names, but defendants wanted to sell even more.

20. Upon information and belief, Plaintiff alleges that each of the defendants knew of Plaintiff's band named PLAYER; they each had heard the PLAYER branded recording of "Baby Come Back" numerous times over and over; and they each decided to go ahead and change the name of their guitar line and guitar learning package to PLAYER in order to sell more units. Defendants went forward with their plans to advertise, market and sell their infringing product bearing the word PLAYER, completely disregarding the rights Plaintiff Peter Beckett had built up in the mark PLAYER and disregarding the hard work and sweat Plaintiff put into creating his mark PLAYER. Defendants simply didn't care if they blurred or diluted or tarnished or infringed upon Plaintiff's PLAYER trademark that Plaintiff had worked so hard to create goodwill in over many years.

21. If defendants are not stopped from marketing guitar learning kits or guitars or other musical type instruments with the name PLAYER, then consumers will be confused as to the source of origin of defendants' infringing product and Plaintiff's music and music services. If defendants are not stopped from marketing products using PLAYER as a trademark, defendants will continue to harm the

reputation and good will built up by Plaintiff Peter Beckett in PLAYER, making it more difficult for him to tour and sell records.

22. Also, if defendants are not stopped from marketing products under the name PLAYER, it is likely that consumers will become confused about the source and origin of Plaintiff's music products and services, and mistakenly conclude that Plaintiff's products and services are produced by or otherwise associated with Defendant Keith Urban, whose name appears in conjunction with Plaintiffs' brand name PLAYER.  If defendants are not stopped, one day consumers may come to believe that "Baby Come Back" was written and performed by defendant Keith Urban or somehow associated with defendant Keith Urban instead of Plaintiff Peter Beckett.

## COUNT I
## <u>VIOLATION OF LANHAM ACT 15 U.S.C. §1114</u>

23. Plaintiff repeats each allegation contained in paragraphs 1 through 22 as though set forth here at length.

24. Defendants have committed trademark infringement of Plaintiff's trademarks in their deceptive marketing of defendants guitar line of products (including their guitar learning kit) using the name PLAYER.

25. Defendants have induced others to infringe Plaintiff's trademark and trade name.

26. Defendants have acted with bad intent and culpably in selecting using, and/or approving of the use of Plaintiff's PLAYER trademark in the distribution, marketing, promotion, advertisement, offering for sale, and/or sale of goods and services.

27. Without the knowledge or consent of Plaintiffs, Defendants have marketed and sold in interstate commerce, and in commerce substantially affecting

interstate commerce, guitars and/or guitar or music accessory products branded under the name PLAYER, and continue to do so.  Defendants have promoted, advertised, offered for sale, and/or sold, guitars and/or guitar or music accessory products using the PLAYER mark through persons not authorized, employed by, or associated in any way with Plaintiff and have used the aforementioned trade name and trademark as false designation and false representation for guitars, guitar accessories and/or music related products.

28.   None of the activities complained of in this complaint have been authorized by Plaintiff, and such unauthorized use by Defendants of Plaintiff's trademarks and/or trade names in interstate commerce, commerce substantially affecting interstate commerce in this district, and elsewhere throughout the United States, constitutes infringement and an inducement to infringe Plaintiff's trademarks and/or trade names, and such activities are likely to cause confusion, mistakes, and to deceive the public at large.

29.   Upon information and belief, Defendants have acted with the unlawful purpose of:

    a. Improperly taking advantage of the valuable goodwill belonging to Plaintiff;

    b. Soliciting Plaintiff's fans and/or potential fans, attempting to sell, and selling to such fans and potential fans, a guitar line of products (including a guitar learning kit) under the PLAYER mark through persons not authorized by, employed by, or associated in any way with Plaintiff;

    c. Inducing others to infringe Plaintiff's trademark and trade name; and

    d. Causing the goods of persons not authorized by, employed by, or associated in any way with Plaintiff to be falsely represented as if they were rendered, authorized, sponsored by, endorsed by, or

otherwise connected with Plaintiff and its licensed trademarks and trade names.

30. Defendants' conduct, as alleged in this complaint, constitutes a violation of 15 U.S.C. § 1114.

31. If Defendants are allowed to continue marketing and selling the accused product, Plaintiff will be damaged as alleged in this complaint, and the Defendants will profit thereby. Furthermore, unless the Court permanently enjoins Defendants' conduct as alleged in this complaint, Plaintiff's business, goodwill, and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in monetary damages.

32. Defendants' aforementioned acts and conduct is being done willfully and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop. Plaintiff is therefore entitled to treble damages arising therefrom, as well as reimbursement of Plaintiff's attorneys' fees and costs.

33. The intentional nature of defendants' acts makes this an exceptional case under 15 U.S.C. §1117(a).

34. The intentional nature of defendants' acts and conduct makes this a case suitable for an award of Three Times Defendants' profits, an amount believed currently to be well in excess of $1,000,000.00 and growing.

## COUNT II
### VIOLATION OF LANHAM ACT 15 U.S.C. §1125(a)
**(Against All Defendants)**

35. Plaintiff repeats each allegation contained in paragraphs 1 through 34 as though set forth here at length.

36. Defendants have engaged in, and continue to engage in, the wrongful exploitation of Plaintiff's registered PLAYER mark.

8

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Suite 400
Beverly Hills, California 90210
Telephone: (310) 860-1833

37. Defendants' goods are so closely related to Plaintiff's goods and services that the public is likely to be confused, to be deceived, and to erroneously assume that Defendants' marketing and sale of their PLAYER guitar and music related products as packaged, advertised and promoted, are those of Plaintiff, or that Defendants are in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

38. Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiff.  Furthermore, Plaintiff has not approved any of the goods or services offered or sold by the Defendants.

39. Defendants' conduct has diluted, blurred and tarnished Plaintiff's PLAYER mark.

40. Defendants' aforesaid infringing conduct has been willful and done with an intent to ride on, and/or step on and demolish the goodwill Plaintiff has worked hard to develop.  Defendants' aforesaid infringing conduct has been willful and with knowledge that the sale, marketing, advertising, and promotion of their guitar and/or music related products will hurt the prospects of future commercial success of Plaintiff's PLAYER branded music and touring services.  Plaintiff is therefore entitled to treble damages arising therefrom, as well as reimbursement of Plaintiff's attorneys' fees and costs.

## COUNT III

## VIOLATION OF LANHAM ACT 15 U.S.C. §1125(c)

41. Plaintiff repeats each allegation contained in paragraphs 1 through 40 as though set forth here at length.

42. Plaintiff's PLAYER mark is famous and distinctive.  Defendants' conduct, as alleged in this complaint, is likely to cause dilution of Plaintiff's famous mark by blurring and/or diluting of Plaintiff's famous mark by tarnishment,

and as such violates 15 U.S.C § 1125(c).

43.   Plaintiff has been damaged by each of the Defendants' acts as alleged in this complaint, and each defendant has profited thereby.  Furthermore, unless the Court permanently enjoins Defendants' conduct as alleged in this complaint, Plaintiffs' business, goodwill, and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in monetary damages.

44.   Defendants' aforesaid infringing conduct has been willful and done with an intent to ride on the goodwill Plaintiff has worked hard to develop. Plaintiff is therefore entitled to treble damages arising thereof, as well as reimbursement of his attorneys' fees and costs.

## COUNT IV
## UNFAIR COMPETITION – COMMON LAW, AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 et seq.

45.   Plaintiff repeats each allegation contained in paragraphs 1 through 44 as though set forth herein at length.

46.   Defendants have engaged in unfair competition perpetrated against Plaintiff by reason of the conduct alleged herein.

47.   The unlawful and unfair conduct is injuring the goodwill of Plaintiff.

48.   Defendants are each liable for the unfair competition, and/or are liable for aiding and abetting such conduct.

49.   By this conduct, Plaintiff has directly suffered injuries and each Defendant has been unjustly enriched.

50.   Plaintiff is entitled to restitution, the recovery of damages, and the recovery of the profits earned by Defendants by virtue of their conduct.

51.   As a consequence of the unfair competition by Defendants, Plaintiff is

suffering irreparable injury, by reason of which such conduct should be enjoined.

52. Plaintiff is entitled to reasonable attorneys' fees.

53. Plaintiff is informed and believes, and on that basis alleges, that the aforementioned conduct of Defendants is willful, oppressive, fraudulent, and malicious, and Plaintiff is therefore entitled to punitive damages.

## COUNT V
## UNFAIR COMPETITION – COMMON LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 et seq.

54. Plaintiff repeats each allegation contained in paragraphs 1 through 53 as though set forth herein at length.

55. Defendants' use of the trade names and trademarks PLAYER misrepresents the nature, characteristics, identity, and source or sponsorship of Defendants' goods, constitutes aiding and abetting liability for deceptive, untrue, and misleading advertising and therefore constitutes a violation of, inter alia, California Business and Professions Code §§17500 et seq. and California common law.

56. Defendants' use of the trade name and trademark PLAYER and related trade dress and trademarks are likely to deceive and will continue to deceive the consuming public. Defendants knew, recklessly disregarded, or reasonably should have known that such packaging, advertising, marketing, and promotion was untrue and/or misleading.

57. As a result of the conduct described above, Defendants have been and/or will be unjustly enriched at the expense of Plaintiff and the general public. The interests of the general public and Plaintiff are, therefore, closely related.

58. Defendants have been unjustly enriched, among other things, by the receipt of sales revenues from consumers who mistakenly thought that they were

11

1 purchasing Plaintiff's PLAYER branded music products or accessories both in California and throughout the world, but instead were purchasing Defendants' goods which are promoted and sold through advertisements that affirmatively misrepresent, either directly or by implication, the nature, characteristics, identity, and source or sponsorship of the goods.

59. Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiff, on behalf of himself and the general public, which is unable effectively to assert its interests, seeks an order of this Court ordering Defendants immediately to cease such support for acts of unfair competition and false advertising, and enjoining Defendants from continuing to import or export, distribute, market, promote, advertise, offer for sale, and sell, Defendants' PLAYER BY KEITH URBAN and/or any good or service that contains any of Plaintiff's trademarks which falsely advertise or conduct business via the unlawful, deceptive, unfair or fraudulent business acts and practices, and the untrue and misleading advertising complained of herein.  Plaintiff additionally requests an order disgorging Defendants' ill-gotten gains and restitution of all monies wrongfully acquired by Defendants by means of their support of such acts of unfair competition and false advertising, damages, interest and attorneys' fees.

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court adjudge and decree that Defendants have falsely designated the origin of certain guitar and/or guitar accessory products as those of Plaintiffs, have made and used false representations in connection with the sale, offering for sale, promotion and advertising of such products, and have unfairly competed with Plaintiffs at common law;

2. That the Court adjudge and decree that Defendants have infringed

Plaintiff's registered trademark PLAYER;

3. That the Court adjudge and decree that Defendants have infringed upon Plaintiff's common law rights to the mark PLAYER;

4. That the Court adjudge and decree that Defendants unlawfully diluted, tarnished and diminished Plaintiff's rights in the PLAYER mark;

5. That the Court permanently enjoin Defendants, their agents, servants, employees, attorneys, and all persons acting in concert or participation with them, or with any of them from:

    a. Using PLAYER or any other word or words which are similar to, or a colorable imitation of, Plaintiff's trade name and mark, either alone, as part of, or together with, any other word or words, trademark, service mark, trade name, or other business or commercial designation in connection with the sale, offering for sale, advertising, and/or promotion of music or music related products or services;

    b. Selling, offering to sell, marketing, distributing, advertising and/or promoting any music or music related product or service with the word PLAYER displayed on the product, its packaging, advertising or promotional materials;

    c. Representing directly or indirectly by words or conduct that any music or music related product or service offered for sale, sold, promoted, or advertised by Defendants, is authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff;

    d. Aiding or abetting in unfair competition against Plaintiff;

    e. Aiding or abetting in false advertising; and

      f. Inducing others to engage in any of these aforementioned acts.

6. That the Court award an amount to be determined at trial but at least an amount equivalent to treble the amount of Defendants' illicit profits or Plaintiff's lost profits, whichever is greater;

7. That the Court award an additional amount to be determined at trial sufficient to cover the costs of prospective corrective advertising, which amount is requested to be at least ten times the amount of advertising dollars spent by defendants;

8. That the Court adjudge and decree that the intentional nature of defendants' acts and conduct makes this a case suitable for an award of Three Times Defendants' profits, an amount believed currently to be well in excess of $1,000,000.00 and growing;

9. That the Court adjudge and decree that the intentional nature of defendants' acts makes this an exception case under 15 U.S.C §1117(a);

10. That the Court award Judgment against Defendants for the full costs of this action, including the attorney's fees reasonably incurred by Plaintiff;

11. That the Court Order such other, further and different relief as the nature of this action may require and as the Court may deem just and proper;

12. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff, in his discretion, to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the

interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement of compliance therewith, and/or for the punishment of any violation thereof.

Respectfully submitted,

MACHAT & ASSOCIATES, P.C.

Dated: February 26, 2015     By: *Michael Machat*
                                            Michael Machat, Esq.
                                            Attorney for Plaintiff
                                            PETER BECKETT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on all issues raised by the Complaint.

Respectfully submitted,

MACHAT & ASSOCIATES, P.C.

Dated: February 26, 2015     By: *Michael Machat*
                                            Michael Machat, Esq.
                                            Attorney for Plaintiff
                                            PETER BECKETT

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Suite 400
Beverly Hills, California 90210
Telephone: (310) 860-1833